# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

MICHAEL CLINTON,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. C04-2084

**ORDER**

_____

    This matter comes before the court pursuant to plaintiff's August 30, 2006 motion for attorneys fees under 42 U.S.C. § 406(b) (docket number 24). On April 28, 2006, the court granted the plaintiff $4,750.00 in fees pursuant to the Equal Access to Justice Act ("EAJA").[1] According to a status report, filed by the defendant in this matter on August 22, 2006, this amount was offset at the U.S. Treasury Department before it could be sent to plaintiff's counsel. The plaintiff now seeks a fee award of $12,953.50, which represents 25% of the back benefits awarded, pursuant to 42 U.S.C. § 406(b).[2]

    In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling, but instead instructs courts to review the fees yielded by those agreements for reasonableness.

---

[1] Under the EAJA, a party prevailing against the United States in court may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[2] Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered. In amount, such fees may not exceed 25% of the past-due benefits.

1

Within the 25% boundary provided for by Congress, the plaintiff's attorney must show that the fee sought is reasonable for the services rendered. Id. at 807. For example, if the benefits are substantial in comparison to the amount of time counsel invested in the case, then a downward adjustment is in order. Id. at 808. In assessing reasonableness, the court may consider the "hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id.

The defendant's response to plaintiff's fee application states that plaintiff's requested fee of $12,953.60 appears reasonable given the amount of federal court time counsel expended on this case. The court agrees.

Upon the foregoing,

IT IS ORDERED that plaintiff's attorney be awarded fees in the amount of $12,953.50 pursuant to 42 U.S.C. § 406(b)(1)(A).

September 14, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT